UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AUSTIN SUMMITT and <br> WILLIAM C. CRAYTON, <br><br> Plaintiffs, <br><br> v. <br><br> CORPORAL LONGMIRE, <br> CORPORAL DYCZARICK, and <br> JEFF FOSTER, <br><br> Defendants. | No.: 3:20-CV-473-CLC-HBG |

# MEMORANDUM & ORDER

This is a pro se prisoners' complaint under 42 U.S.C. § 1983, jointly filed by Plaintiffs, each of whom have filed a motion for leave to proceed *in forma pauperis* [Docs. 1, 6]. For the reasons set forth below, Plaintiffs may not pursue this matter jointly. As such, each Plaintiff shall have twenty-one (21) days from the date of entry of this Order to file an individual § 1983 action on his own behalf, for which he will be assessed the entire $350.00 filing fee. The Clerk is directed to mail each Plaintiff a § 1983 form that, if he chooses to proceed with an individual suit, each Plaintiff must promptly complete and return to the Court.

## I.   APPLICABLE LEGAL STANDARD

Rule 20(a)(1) of the Federal Rules of Civil Procedure allows the permissive joinder of plaintiffs in a single action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." While the joinder of parties is "strongly encouraged" for purposes of judicial economy and fairness where it is appropriate, *United Mine Workers of America v. Gibbs*, 383 U.S.

715, 724 (1966), courts have recognized that there are significant practical problems with allowing multiple prisoners to file a single complaint. *See*, *e.g.*, *McLaurin v. Bagley*, No. 2:17-CV-11263, 2017 WL 1738031, at *5 (E.D. Mich. May 4, 2017) (internal quotations omitted) (noting there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder" even where Rule 20(a) permits it, including the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated[,]" as well as the fact that prisoner litigants are "notably transitory"). Additionally, courts have noted the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. Sept. 30, 2009) (internal quotations omitted). These unique factors in prisoner cases "make joint litigation exceptionally difficult." *Id*. (internal quotations omitted).

## II.     ALLEGATIONS OF COMPLAINT

This complaint, signed by both Plaintiffs, states that on September 6, 2020, "I" was forced to leave the chow hall by Defendant Corporal Longmire without receiving a tray [Doc. 2 p. 4]. When this unnamed Plaintiff began to return to his unit, he was thrown on his stomach by Defendant Longmire while Defendant Corporal Dyczarick jumped on his back [*Id*.]. This Plaintiff contends that Defendants punched him "in [the] head and back all over" [*Id*.]. The complaint then avers that "I," William Crayton, was a witness to the event [*Id*.]. Then, the narrator of the complaint suggests that Longmire chased "him" while the narrator watched, informing Longmire's brother-in-law, as he passed him, that they were "beating this deaf boy up" [*Id*. at 5]. The complaint also contains unclear allegations concerning Defendant Longmire's demotion and a vague complaint against Jeff Foster [*Id*. at 5].

2

### III. DISCUSSION

It appears from the complaint that only one Plaintiff was involved in the incidents giving rise to this suit. It is unclear, however, which of the two plaintiffs suffered from the alleged assault by guards. The documents attached to the complaint suggest that Plaintiff Summitt was the victim of the alleged assault [Doc. 2 p. 7–13]. There are no facts in the complaint to suggest that Plaintiff Crayton was in any way involved, other than as a potential witness, to the alleged events. However, as currently presented, the complaint is disjointed, and the facts are unclear.

Therefore, the Court finds that the complaint demonstrates that Plaintiffs likely have separate, personal claims for relief. Moreover, each Plaintiff has likely filed different administrative grievances, if any, against these Defendants. Further, it is also likely that one or both Plaintiffs will be transferred from their current facility during the course of this litigation. Therefore, given the significant practical issues arising out of prisoners filing joint complaints, the Court finds that it is impractical and inefficient for the Court to allow Plaintiffs to proceed jointly.

As such, Plaintiffs are **NOTIFIED** that they will not be allowed to proceed jointly in this action. While the Court may sever this action to allow each Plaintiff to proceed separately, *see* Fed. R. Civ. P. 21, the Court is mindful that each Plaintiff may not wish to pursue a § 1983 action in which he will be the sole Plaintiff and for which he will be assessed the entire $350.00 filing fee.

Accordingly, it is **ORDERED** that each Plaintiff shall have up to and including **twenty-one (21) days from the date of entry of this Order** to file a notice with the Court indicating whether he wishes to proceed as the sole Plaintiff in a § 1983 action, for which he will be assessed the entire $350.00 filing fee. In the event that either Plaintiff chooses to proceed with suit, he must

3

Case 3:20-cv-00473-CLC-HBG   Document 7   Filed 12/09/20   Page 3 of 4   PageID #: 43

complete a new § 1983 form that contains his particularized allegations. The Clerk is **DIRECTED** to send each Plaintiff a § 1983 form for this purpose.

If any Plaintiff files a notice that he does not want to pursue his own cause of action or fails to timely comply with this order, this matter will be dismissed for failure to prosecute and/or comply with Court order as to that Plaintiff.

Further, Plaintiffs are **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**