UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AUSTIN SUMMITT and <br> WILLIAM C. CRAYTON, <br><br> Plaintiffs, <br><br> v. <br><br> CORPORAL LONGMIRE, <br> CORPORAL DYCZARICK, and <br> JEFF FOSTER, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    No.:    3:20-CV-473-CLC-HBG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM & ORDER

This is a pro se prisoners' complaint under 42 U.S.C. § 1983 jointly filed by Plaintiffs, Austin Summitt and William C. Crayton, each of whom have a motion for leave to proceed *in forma pauperis* [Docs. 1 & 6]. By previous order, the Court advised Plaintiffs that they would not be permitted to jointly pursue this case and allowed each Plaintiff twenty-one (21) days within which to file a particularized complaint if he chose to proceed as the sole plaintiff in a § 1983 action [*See* Doc. 7]. The deadline has now passed, and the Court is ready to rule on each Plaintiff's motion.

### I.    PLAINTIFF AUSTIN SUMMITT

Plaintiff Summitt has submitted an individual complaint indicating his desire to proceed as the sole Plaintiff in a § 1983 action [Doc. 8], and he has filed a completed application to proceed *in forma pauperis* [Doc. 1]. It appears from the application that Plaintiff Summitt lacks the resources to pay the filing fee, and accordingly, his motion to proceed *in forma pauperis* in this action [Doc. 1] is **GRANTED**.

Because Plaintiff Summitt is an inmate in the Morgan County Correctional Complex, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff Summitt's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff Summitt's preceding monthly income (or income credited to Plaintiff Summitt's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff Summitt is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff Summitt's prison file and follow him if he is transferred to another correctional institution.

The amended complaint adds the Tennessee Department of Correction as a Defendant [Doc. 8]. Accordingly, the Clerk is **DIRECTED** to add Tennessee Department of Correction to the docket as a Defendant. The Clerk is **FURTHER DIRECTED** to terminate Jeff Foster as a Defendant in this action, as he is not listed as Defendant in the operative complaint filed by Plaintiff Summitt [Doc. 8].

Plaintiff Summitt is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court

will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening.

Plaintiff Summitt is **ORDERED** to immediately inform the Court and Defendants or Defendants' counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

## II.    PLAINTIFF WILLIAM C. CRAYTON

Plaintiff Crayton has not responded to the Court's Order requiring him to file an amended complaint if he desired to pursue § 1983 relief as the sole plaintiff in a civil action [Doc. 7]. Therefore, the Court presumes he does not intend to pursue § 1983 relief, and Plaintiff Crayton's motion to proceed *in forma pauperis* [Doc. 6] is **DENIED**. Consequently, the Court considers whether Plaintiff Crayton should be dismissed from this case.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure of the plaintiff "to prosecute or to comply with these rules or a court order." *See, e.g.*, *Nye Cap. Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 8 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll*, 176 F.3d at 363).

3

Plaintiff Crayton's failure to respond or comply with the Court's previous Order is due to his own willfulness and/or fault.  This failure has not prejudiced Defendants, who have not yet appeared in the action.  Plaintiff Crayton was warned that failure to cooperate would lead to dismissal [Doc. 7], and there are no less drastic sanctions under these circumstances.  On balance, the Court finds that Plaintiff Crayton should be dismissed from this action.

Therefore, Plaintiff Crayton is **DISMISSED** from this action, and the Clerk is **DIRECTED** to terminate his status as a plaintiff.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

4