UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AUSTIN SUMMITT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:20-CV-473-CLC-HBG ) |
| CORPORAL LONGMIRE, CORPORAL DYCZARICK, and TENNESSEE DEPARTMENT OF CORRECTION, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM & ORDER**

This pro se prisoner's amended complaint for violation of 42 U.S.C. § 1983 is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA") [Doc. 8].

**I.     BACKGROUND AND ALLEGATIONS OF COMPLAINT**

This action was initiated as a two-plaintiff lawsuit [Doc. 2]. The Court subsequently advised Plaintiffs that they would not be permitted to proceed jointly and ordered each Plaintiff wishing to proceed as a sole litigant in a § 1983 action to file an amended complaint [Doc. 7]. Plaintiff Summitt complied by filing an amended complaint on December 28, 2020 [Doc. 8]. Plaintiff Crayton did not timely file an amended complaint or otherwise communicate with the Court. On January 7, 2021, the Court dismissed Plaintiff Crayton from this action and granted Plaintiff Summitt permission to proceed *in forma pauperis* as the sole plaintiff in this action [Doc. 9].

The allegations of Plaintiff's amended complaint are as follows:

On September 6, 2020, at approximately 8:00 a.m., Plaintiff jumped over the railing in the chow hall line at the Morgan County Correctional Complex ("MCCX") in an attempt to receive

his "religious diet tray" [Doc. 8 p. 1–2]. Corporal Lowe, who ran the chow hall that morning, stopped Plaintiff and told him to leave without a tray or get a tray and take it to his unit [*Id*. at 2]. Plaintiff asked Corporal Lowe why he had to leave and whether he could still receive his tray, and Corporal Lowe refused to allow Plaintiff to receive his tray as punishment for jumping over the rail [*Id*.]. Corporal Lowe told Plaintiff to "get out or go to lock up" [*Id*.].

Plaintiff left the chow hall, and on the way to his unit, he met Corporal Longmire and Corporal Dyczarick, who asked him where he was going [*Id*.]. Plaintiff told the officers he was going to his unit, but as he passed another chow hall line, Plaintiff asked Corporal Longmire if he could get a tray to take back to his unit [*Id*.]. Plaintiff told Corporal Longmire that it was not right to deprive him of food since he otherwise would not be able to eat until 6:00 p.m. that evening and that the prison had an obligation to feed him [*Id*.]. Corporal Longmire "got extremely angry and started screaming and using obscene language," so Plaintiff turned and walked away [*Id*. at 3]. By the time Plaintiff arrived at the gate to his unit, Corporal Longmire and Corporal Dyczarick had caught up to him [*Id*.]. Corporal Longmire attempted to provoke a fight with Plaintiff by getting in Plaintiff's face and yelling, "[Y]ou f*cking deaf piece of sh*t get your deaf a** on the fence" [*Id*.]. Plaintiff complied by walking to the fence, where Corporal Longmire slammed him into the fence and stated, "Shut the f*ck up you dumb deaf b*tch" [*Id*.]. Plaintiff asked Corporal Longmire to calm down, which prompted Corporal Longmire to yank Plaintiff's arm up and to slam him down onto his stomach [*Id*. at 3–4]. Corporal Dyczarick then "jumped on top [of Plaintiff] and cuffed" him [*Id*. at 4]. Then, the officers hit Plaintiff, spit on him, punched him repeatedly, and generally "degraded" him [*Id*.]. Plaintiff saw stars and almost lost consciousness, and the officers went on to knee him in the face, which caused his nose to bleed [*Id*.]. All the while, Plaintiff was

pleading for the officers to stop [*Id*.]. Finally, two other officers lifted Plaintiff from the ground and carried him to the clinic for his injuries [*Id*. at 4–5].

Plaintiff was subsequently transported to the Wartburg hospital and advised he had a concussion [*Id*. at 5].[1] He was then taken back to MCCX and placed in "the hole" [*Id*.].

Thereafter, Plaintiff filed the instant lawsuit requesting monetary relief for his pain and suffering and asking that Defendants be prohibited from working as detention officers [*Id*. at 6].

## II. SCREENING STANDARDS

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1016–17 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B), 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## III. DISCUSSION

First, Plaintiff has named the Tennessee Department of Correction ("TDOC") as a Defendant in this action. However, neither a State nor an arm of its government is a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). TDOC

---

[1] The exact injury is unclear, as the handwritten allegation may reference a contusion, rather than a concussion [*See id.*].

3

is an agency of the State of Tennessee and, thus, is not subject to suit under § 1983. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State" and is not a person within the meaning of § 1983) (citing *Will*, 491 U.S. at 64). Accordingly, Plaintiff's claims against TDOC are not cognizable in this action, and Defendant TDOC will be **DISMISSED**.

Next, the Court notes that it does not have the authority to fire Defendants Longmire and Dyczarick from their jobs or prohibit them from obtaining similar positions in the future. Prison and jail administrators make the day-to-day decisions pertaining to prison operations, which includes the hiring and firing of officers. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (quoting *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 128 (1977)). Accordingly, the Court generally lacks the authority to order disciplinary action or dismissal against Defendants Longmire and Dyczarick. *See, e.g.*, *Street v. Rodriguez*, No. 12-13995, 2014 WL 840083, at *5 (E.D. Mich. Mar. 4, 2014) (finding the court had no authority to order a state to terminate the employment, or otherwise discipline, a state corrections officer). Consequently, Plaintiff's request for any such relief will be **DENIED**.

Third, Plaintiff claims that Defendants Longmire and Dyczarick have threatened and verbally degraded him. Such conduct, while contemptuous and unnecessary, does not constitute "punishment" in the constitutional sense or otherwise raise a constitutional issue. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Therefore, these allegations fail to state a claim under § 1983, and they will be **DISMISSED**.

The Court finds, however, that Plaintiff's allegations that he was physically attacked by Defendants Longmire and Dyczarick state a plausible claim of excessive force against these

4

officers in their individual capacities. Therefore, Plaintiff's claim for excessive force will **PROCEED** as to these individual Defendants.

IV. <u>**CONCLUSION**</u>

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's claim of excessive force against Defendants Longmire and Dyczarick in their individual capacities shall **PROCEED**;

2. The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Longmire and Dyczarick;

3. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this Memorandum and Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

4. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required will result in dismissal of this action for want of prosecution and/or failure to follow the Court's orders;

5. Defendants **SHALL** answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

6. All remaining claims are **DISMISSED**;

7. Defendant TDOC is **DISMISSED**; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

5

**SO ORDERED**.

**ENTER:**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**